**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TYVETTE MCBRIDE,
        Plaintiff,

v.                                                                                                      ACTION NO. 2:10cv440

SOCIAL SECURITY,
        Defendant.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Title II and Title XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed April 12, 2011. The undersigned recommends that Defendant's Motion to Dismiss pursuant to Federal Rule of Procedure 41(b) (ECF No. 16) be GRANTED.

**I.  Procedural Background**

Plaintiff Tyvette McBride filed applications for a period of disability and DIB (R.

47-153),[1] and for SSI (R. 144-46), alleging that she had been disabled since July 1, 2008, due to chest pain, shortness of breath and back pain. R. 208. The Commissioner denied Plaintiff's applications initially (R. 69-70), and upon reconsideration. R. 71-72. Plaintiff received an administrative hearing on October 28, 2009 (R. 31-68), and the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claim on November 3, 2009. R. 9-30. On July 29, 2010, the Appeals Council denied Plaintiff's request for review (R. 1-3), which rendered the ALJ's decision the final decision of the Commissioner.

Plaintiff filed the instant action for judicial review pursuant to 42 U.S.C. § 405(g) on September 3, 2010. ECF No. 3. Plaintiff submitted an affidavit of poverty, and the Court granted Plaintiff's application to proceed in forma pauperis on September 13, 2010. ECF No. 2. Defendant filed an answer on April 8, 2011. ECF No. 9. On April 15, 2011, the undersigned entered an Order directing Plaintiff to file a motion for summary judgment by May 16, 2011. ECF No. 12. Plaintiff failed to file a motion for summary judgment.

On May 24, 2011, Plaintiff was ordered to show cause why the undersigned should not recommend to the United States District Court Judge that her Complaint be dismissed for failure to prosecute or to comply with the Rules and Order of the Court. ECF No. 13. Plaintiff was ordered to file a motion for summary judgment with memorandum supporting her contentions and containing a statement of undisputed facts as described in Rule 56(B) of the Local Rules of the Eastern District of Virginia on or before June 14, 2011. Plaintiff was provided with Local Rule 56(B), and the order was delivered May 25, 2011. ECF No. 14.

On June 8, 2011, Plaintiff filed a one-page handwritten letter along with approximately

---

[1] Page citations are to the administrative record (ECF No. 10).

twenty pages of medical records and bills. ECF No. 15. The letter explains her motion for summary judgment is late because Plaintiff has been treated for schizophrenia and bipolar disorder, and is taking medication. Id. There is no motion for summary judgment attached, no statement of undisputed facts, and no indication that anything further will be filed with the court.

On June 15, 2011, Defendant filed a Motion to Dismiss, or in the Alternative, an Extension of Time to File Defendant's Motion for Summary Judgment. ECF No. 17. Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. At the same time, Defendant sent Plaintiff a Notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the steps which must be taken to avoid dismissal of the case. As of the filing of this Report and Recommendation, Plaintiff failed to respond to the motion to dismiss, or file any further document with the court. This motion was referred to the undersigned by order of reference filed July 11, 2011.

## II. Analysis

Plaintiff was initially ordered to file a Motion for Summary Judgment by May 16, 2011. When Plaintiff did not comply, a show cause order was delivered by certified mail explaining that if Plaintiff did not file a motion for summary judgment with memorandum supporting her contentions and containing a statement of undisputed facts as described in Rule 56(B) of the Local Rules of the Eastern District of Virginia on or before June 14, 2011, the undersigned would recommend that the District Judge dismiss her complaint for failure to prosecute or comply with the orders of the Court.

Plaintiff's letter and medical records filed June 8, 2011 offer an explanation for why her motion for summary judgment was late, but no motion has been forthcoming. Further, Plaintiff

has filed no response to Defendant's motion to dismiss. Plaintiff has failed to prosecute this case or comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

### III. Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Complaint (ECF No. 16) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

### IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations.   Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 2, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Tyvette McBride
964 South Military Highway
Apartment 211
Virginia Beach, VA 23464

(via ECF)

Susan L. Watt, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

August 3, 2011

6